## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

**CIVIL ACTION NO. 4:14-cv-00057-JHM**

| | |
|---|---|
| **MARTHA MITCHELL** | **PLAINTIFF** |
| v. | |
| **CARHARTT, INC.** | **DEFENDANT/ THIRD PARTY PLAINTIFF** |
| v. | |
| **QUEST DIAGNOSTIC CLINICAL LABORATORIES, INC.** | **THIRD PARTY DEFENDANT** |

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on motion by Third Party Defendant Quest Diagnostics Clinical Laboratories, Inc., for Summary Judgment. [DN 43]. Fully briefed, this matter is ripe for decision.

### I. BACKGROUND

Third Party Defendant, Quest Diagnostic Clinical Laboratories, Inc. (hereinafter "Quest") contracted with Defendant Carhartt (hereinafter "Carhartt"), "pursuant to which Quest agreed to provide certain laboratory testing, biometric measurements, and health questionnaire services to Carhartt['s employees]". (Carhartt's Resp. [DN 61] at 2.) Quest entered into a contract with Plaintiff, Martha Mitchell, in which she would perform said medical examination services for Carhartt's employees. (Quest's Mem. Supp. Mot. Summ. J. [DN 43-1] at 2.) Mitchell was to travel to Carhartt's facility and perform her services as an independent contractor in order to fulfill portions of the contract between Quest and Carhartt. (Id. at 4.) After performing her duties on August 7, 2013, Mitchell was exiting Carhartt's facility when she tripped and fell over

a floor mat. (Id. at 2.) Subsequently, Mitchell filed her Complaint in Hopkins County Circuit Court on May 9, 2014, which Carhartt later removed to this Court. (Carhartt's Notice of Removal [DN 1] at 1.) Mitchell alleged that Carhartt was negligent, as it had failed to warn her of the dangerous condition posed by the mat on Carhartt's property. (Quest's Mem. Supp. Mot. Summ. J. [DN 43-1] at 2, 6.) Carhartt responded by claiming that Mitchell herself was negligent because she failed to exercise ordinary care as to prevent the fall. (Id. at 2.) Carhartt then filed a Third Party Complaint against Quest, claiming a right to indemnification. (Id. at 6.) This Court granted Carhartt's Motion for Summary Judgment against Mitchell, finding Mitchell had not met her burden of proof to show that material questions of fact exist regarding the dangerous condition of the floor mat, thereby dismissing her claims against Carhartt. (Mem. Op. [DN 54] at 9–10.)

Now before the Court is Quest's Motion requesting that the Court grant summary judgment in its favor and dismiss Carhartt's Third Party Complaint seeking indemnification. (Quest's Mem. Supp. Mot. Summ. J. [DN 43-1] at 13.)

## II. DISCUSSION

Carhartt acknowledges that its common law indemnity claim should be dismissed given the fact that the Court granted Carhartt summary judgment against Mitchell. Therefore, the common law indemnity claim asserted against Quest is dismissed, without prejudice.

Quest seeks summary judgment on Carhartt's contractual indemnity claim as well. It is important to understand the nature of that claim now that summary judgment has been granted in favor of Carhartt against the Plaintiff Mitchell. Rule 14(a) of the Federal Rules of Civil Procedure allows a defendant to implead a third party defendant "who is or may be liable to him for all or part of the plaintiff's claim against him." Impleader, or third party practice, is only

available when the third party defendant's liability is secondary to, or a derivative of, the original defendant's liability on the original plaintiff's claim. Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co., 512 F.3d 800, 805 (6th Cir. 2008); Faser v. Sears, Roebuck & Co., 674 F.2d 856, 860 (11th Cir. 1982); United States v. Joe Grasso & Son, Inc., 380 F.2d 749, 751 (5th Cir. 1967). Thus, "a defendant's claim against a third-party defendant cannot simply be an independent or related claim, but must be based upon the original plaintiff's claim against the defendant." Cooper, 512 F.3d at 805 (citing Stiber v. United States, 60 F.R.D. 668, 670 (E.D. Pa.1973) ("Under Rule 14, the liability of the third-party must be dependent on the outcome of the main claim.")). In other words, if a defendant has no liability to a plaintiff, then a third party defendant has no liability to that defendant.

"Underlying Rule 14 is a desire 'to promote economy by avoiding the situation where a defendant has been adjudicated liable and then must bring a totally new action against a third party who may be liable to him for all or part of the original plaintiff's claim against him.'" Id. (quoting 6 Charles Alan Wright et al., Federal Practice and Procedure § 1441 (2d ed. 1990)). Third party complaints typically take the form of either indemnity or contribution actions. Id. "Accordingly, it is rare that a court renders judgment in favor of the defendant or dismisses the underlying action but nonetheless chooses to address a third-party claim." Id.

Here, a portion of Carhartt's Third Party Complaint was a proper impleader under Rule 14(a) because it sought indemnification from Quest for all or part of the claims asserted against it by the Plaintiff Mitchell. That portion of the third party claim for contractual indemnity is derivative of the original action between Mitchell and Carhartt. Quest's potential liability for that portion of the claim is dependent on the outcome of the litigation in that original action. Now that the Court has granted Carhartt's Motion for Summary Judgment, the derivative portion

3

of the contractual claim must be dismissed. There is nothing to recover under that portion of the claim now. However, there is another aspect of Carhartt's Third Party Complaint which is not derivative of the outcome of the litigation in that original action. It was properly joined under Fed. R. Civ. P. 18. Specifically, Carhartt claims that in "the indemnification provision of the [c]ontract" between Carhartt and Quest, Quest agreed to "indemnify Carhartt from and against any and all damages, including attorneys' fees, arising out of or attributable to Quest or Quest's employees, servants, or agents." (Carhartt's Resp. [DN 61] at 8.) Thus, the matter of defense costs is still at issue in this case and the success of that claim depends on a finding of negligence on the part of Ms. Mitchell, an agent of Quest.

Quest is correct that there has been no such finding. The Court rejects Carhartt's suggestion that the summary judgment it issued in its favor necessarily means that Ms. Mitchell was negligent. All that decision means is that Ms. Mitchell did not come forward with enough evidence to support her claim that Carhartt was negligent. Negligence is defined as "conduct which falls below the standard established by law for the protection of others against unreasonable risk of harm." Restatement (Second) of Torts § 282 (1965). Negligence depends on breach of a duty. Indeed, Ms. Mitchell fell. But, did she owe Carhartt a legal duty not to fall? Whether a duty exists depends on whether Carhartt's interests are entitled to legal protection against Ms. Mitchell's conduct. Shelton v. Kentucky Easter Seals Soc., Inc., 413 S.W. 3d. 901, 908 (Ky. 2013). These are interesting questions which the parties will need to help the Court sort out. The bottom line for now is that the question of whether Ms. Mitchell was negligent, in the legal sense of the word, is still very much at issue. Neither party is entitled to summary judgment at this time.

A number of other interesting questions are presented by this lingering claim. Presumably, the Court originally had supplemental jurisdiction under 28 U.S.C. § 1367(a) over the Third Party Complaint.[1] Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." There is a good argument to be made that this lingering aspect of Carhartt's indemnification claim is not so related so as to form the same case or controversy as Plaintiff Mitchell's claims against Carhartt. Plaintiff Mitchell's claims were premises liability claims. As noted, Carhartt's remaining indemnity claims are contractual claims for defense costs which are not contingent upon the outcome of the underlying complaint.

But even if the claims are so related, should the Court choose to exercise supplemental jurisdiction of this matter now that the underlying claim has been dismissed? Under 28 U.S.C. § 1367(c), the Court has discretion to decline to exercise supplemental jurisdiction if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Since the underlying action has been dismissed, the Court would be inclined not to exercise supplemental jurisdiction over this remaining portion of Carhartt's third party claim.[2]

---

[1] As will be discussed, it is not clear there is any other sound basis for jurisdiction.

[2] The third-party complaint is in the nature of an indemnity or contribution claim. Accordingly, it is rare that a court renders judgment in favor of the defendant or dismisses the underlying action but nonetheless chooses to address a third-party claim. Ultimately, a court has the discretion to dismiss a third-party claim after the original claims have been settled, and relegate the third-party plaintiff to a separate suit.

Cooper, 512 F.3d at 805–06.

However, if there is an independent basis for subject matter jurisdiction supporting the Third Party Complaint, then the Court has no discretion to dismiss the matter—it must decide the issue.[3] While the Third Party Complaint alleges complete diversity, it does not recite an amount in controversy. Does the Third Party Complaint meet with the requirements of Fed. R. Civ. P. 8(a)(1)? Is the claim subject to dismissal on these grounds? These are unresolved issues which need to be addressed.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Quest's Motion for Summary Judgment is **DENIED**. **IT IS FURTHER ORDERED** that Carhartt's claim for common law indemnity is **DISMISSED** without prejudice. **FURTHERMORE,** this matter is referred to the Magistrate to conduct a settlement conference. In the absence of settlement, the Magistrate shall enter appropriate scheduling orders to bring this litigation to a close.

*[signature]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

April 14, 2016

cc: counsel of record

---

[3] "[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd., 556 F.3d 459, 465 (6th Cir. 2009); see Gonzalez v. Thaler, 132 S.Ct. 641, 648 (2012); Vander Boegh v. EnergySolutions, Inc., 772 F.3d 1056, 1064 (6th Cir. 2014).