UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:14-cv-00057-JHM

MARTHA MITCHELL                                                                 PLAINTIFF

v.

CARHARTT, INC.                                                                  DEFENDANT/
                                                                THIRD PARTY PLAINTIFF

v.

QUEST DIAGNOSTIC CLINICAL                      THIRD PARTY DEFENDANT
LABORATORIES, INC.


MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant/Third Party Plaintiff Carhartt, Inc.'s motion

to certify this Court's order granting summary judgment for Carhartt [DN 54] for immediate

appeal pursuant to Fed. R. Civ. P. 54(b).  [DN 86].  Fully briefed, this matter is ripe for decision.

For the reasons stated below, the motion is **GRANTED**.

I. BACKGROUND

Quest Diagnostic Clinical Laboratories ("Quest") contracted with Carhartt to provide

certain laboratory testing, biometric measurements, and health questionnaire services to

Carhartt's employees at a Carhartt facility in Hanson, Kentucky.  Quest entered into a contract

with Plaintiff, Martha Mitchell, in which she would perform said medical examination services

for Carhartt's employees. Mitchell was to travel to Carhartt's facility and perform her services as

an independent contractor.  After performing her duties on August 7, 2013, Mitchell was exiting

Carhartt's facility when she tripped and fell over a floor mat. Subsequently, Mitchell filed a

complaint in Hopkins County Circuit Court on May 9, 2014, which Carhartt later removed to this

Court. Mitchell alleged that Carhartt was negligent, as it had failed to warn her of the dangerous condition posed by the mat on Carhartt's property. Carhartt responded and filed a third party complaint against Quest, claiming a right to indemnification. This Court granted Carhartt's motion for summary judgment against Mitchell, finding Mitchell had not met her burden of proof to show that material questions of fact exist regarding the dangerous condition of the floor mat, thereby dismissing her claims against Carhartt. [DN 54].

Subsequently, Quest moved for summary judgment as to Carhartt's third party claims for indemnification. The Court dismissed Carhartt's claim of common law indemnification against Quest, as the Court's previous grant of summary judgment for Carhartt against Mitchell precluded any liability for which Quest would have to indemnify Carhartt. But the Court denied Quest's motion as to Carhartt's contractual claim of indemnification, under which it sought attorney's fees and other litigation costs it had incurred in defending itself in this case pursuant to the indemnification clause in the parties' contract. [DN 66]. The Court then denied Carhartt's motion for summary judgment as to the contractual indemnity claim against Quest, finding that Mitchell had not acted "willfully" when she was injured, as was required under the indemnification clause. [DN 85]. Carhartt now moves this Court to certify its order granting summary judgment for Carhartt as to Mitchell's negligence claim for immediate appeal. [DN 86].

## II. STANDARD OF REVIEW

Rule 54(b) provides, in pertinent part, that:

When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). The Sixth Circuit has held that Rule 54(b) certification requires two independent findings. First, the district court must expressly "direct the entry of final judgment as to one or more but fewer than all the claims or parties" in a case. *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994). This judgment must represent "an ultimate disposition of an individual claim entered in the course of a multiple claims action," *Lowery v. Fed. Express Corp.*, 426 F.3d 817, 821 (6th Cir. 2005), with "claim" defined as "the aggregate of operative facts which give rise to a right enforceable in the courts." *Planned Parenthood Sw. Ohio Region v. DeWine*, 696 F.3d 490, 500 (6th Cir. 2012) (quotations omitted).

Second, the district court must "expressly determine that there is no just reason" to delay appellate review. *Lowery*, 426 F.3d at 821. Rule 54(b) "attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." *Id.* at 820 (quoting *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 60 (6th Cir. 1986)). It "does not tolerate immediate appeal of every action taken by a district court." *Gen. Acquisition*, 23 F.3d at 1026. The Sixth Circuit has highlighted the following, non-exhaustive list of factors in considering this second step:

1. the relationship between the adjudicated and unadjudicated claims;

2. the possibility that the need for review might or might not be mooted by future developments in the district court;

3. the possibility that the reviewing court might be obliged to consider the same issue a second time;

4. the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final;

5. miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*Lowery*, 426 F.3d at 822 (quoting *Gen. Acquisition*, 23 F.3d at 1030). Using these factors, the Court must determine "whether 'the needs of the parties' outweigh the efficiency of having one

appeal at the conclusion of the case in its entirety, and it must spell out its reasons for concluding

that prompt review is preferable."   *Id.* (quoting *GenCorp, Inc. v. Olin Corp.*, 390 F.3d 433, 442

(6th Cir. 2004)).

### III. DISCUSSION

As to the first consideration, Mitchell's negligence claim against Carhartt is an individual

"claim" for purposes of Rule 54(b), separate from other claims brought in the action by Carhartt

against Quest.  Mitchell brought only a single claim of negligence against Carhartt, and it exists

independently of any claim of indemnity Carhartt has asserted against Quest.  Mitchell has a

right to recover for her injuries that is independent from Carhartt's right to indemnification as to

its own liability. *Planned Parenthood,* 696 F.3d at 500.  Therefore, the first requirement for

certification has been met.  *See Madison Capital Co. v. S & S Salvage, LLC*, 2011 WL 3678796,

at *1 (W.D. KY. Aug 22, 2011) (finding plaintiff's claim to be separate from remaining claims

between defendants and third-party defendants for purpose of Rule 54(b) certification).

As to the second consideration, the five factors weigh in favor of allowing for an

immediate appeal.  The first factor, the relationship between the adjudicated and unadjudicated

claims, highlights the unusual procedural posture of this case.  The Court has ruled that

Mitchell's claim of negligence against Carhartt should be dismissed.  However, this dismissal

was not a determination that Carhartt was not negligent, but rather a determination that Mitchell

had not met her burden of proof to show that material questions of fact exist regarding the

dangerous condition of the floor mat.  Additionally, though, it was not a determination that

Mitchell herself was negligent; it was simply a determination that the evidence presented was

insufficient to allow the claim to proceed at that stage.

These distinctions are important, as Carhartt's claims against Quest rely on two theories

of indemnification: common law indemnification and contractual indemnification. As to the common law indemnification claim, the basis for this claim disappeared when Mitchell's underlying claim against Carhartt was dismissed, as there can be no indemnification when there is no underlying liability to indemnify. As to the contractual indemnification claim, Carhartt is seeking all of its costs and expenses related to defending itself against Mitchell's claim based on a clause in the contract between Quest and Carhartt in which Quest agreed to indemnify Carhartt for all such costs related to the "negligent and/or willful acts and/or omissions of" Quest or its employees or agents. [DN 9-1, at 7]. The Court has already determined that Mitchell was not acting willfully when she fell, but the Court has not determined as a matter of law that Mitchell was not negligent. Thus, as the case currently sits before this Court, the only issue left to decide is whether Mitchell acted negligently so as to trigger the contractual indemnification clause between Quest and Carhartt, an issue that is likely to be decided at a jury trial.

The claims made by Mitchell and Carhartt are interrelated, and the Sixth Circuit has cautioned against certifying interrelated claims for appeal. *See Lowery*, 426 F.3d at 822; *Gen. Acquisition*, 23 F.3d at 1028. But in this case, the interrelatedness of the claims is exactly what inclines the Court to certify Mitchell's claim for appeal, for Carhartt's claims of indemnification cannot be fully resolved, or at least done so in a judicially efficient manner, until Mitchell's claim is finally determined. It makes more sense to finally resolve Mitchell's claim before proceeding to a trial on the indemnification claim.

If the appeal is not certified and we proceed to trial on the indemnification claim, then a jury will be asked to determine if Mitchell was negligent in order to determine whether the indemnification clause is triggered. If the jury finds no negligence on the part of Mitchell, then the indemnification claim fails and the case is concluded at this level. However, if **the grant of**

**summary judgment on Mitchell's negligence claim is reserved on appeal,** then there is a possibility of a second trial.  And Carhartt argues that even if there is no finding of negligence on the part of Mitchell at the first trial, if the summary judgment is reversed and a jury at a second trial finds negligence on the part of Mitchell, Carhartt's indemnification claim is triggered despite the outcome of the first trial.  Carhartt's claim is derivative of the outcome of Mitchell's negligence claim.  Thus, Carhartt's claims can only be finally decided until after Mitchell's claim is finally decided.

If we proceed to trial here on the indemnification claim without certifying an appeal, and there is a finding of negligence on the part of Mitchell, then the indemnification clause is triggered.  The jury will be asked to assess damages and apportion fault, all in an effort to value the indemnification claim.  However, the precise value of the indemnification will not be known until such time as Mitchell's negligence claim is finally determined.  If the summary judgment against her is reversed, the jury at a second trial may reach different conclusions as to the apportionment of fault and damages, than did the first jury. Thus, it seems prudent, from the standpoint of judicial economy, to reach a final determination as to Mitchell's negligence claim before proceeding any further here.  If the reviewing court affirms the summary judgment on Mitchell's negligence claim, the case may proceed as it currently stands, and if it reverses the dismissal, one trial may take place that finally resolves all issues.  The fifth factor weighs in favor of an immediate appeal.

As to the second factor, future developments in this Court will not alleviate the need for a higher court to hear Mitchell's appeal, as her claim must be decided independently of what a jury may decide as to the indemnification claims.  As to the third factor, while this may cause multiple appeals in this case, it will not require the reviewing court to consider the *same issue* a

second time. The issue in Mitchell's appeal is not whether she acted negligently but rather, whether her claim that Carhartt was negligent should be allowed to proceed past the summary judgment stage. And as to the fourth factor, there is no possibility of a set-off against the judgment sought to be made final. Weighing all of these factors, the Court concludes that there is no just reason for delay, and Mitchell's claim should be certified for immediate appeal.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Carhartt's motion is **GRANTED**. The Court certifies that its Memorandum, Opinion and Order dated November 2, 2015, is a final and appealable order, and that there is no just reason to delay appellate review.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

December 7, 2016

cc: counsel of record